RUSSELL L. WINNER, ABA 7811149
WINNER & ASSOCIATES, P.C.
900 W. 5th Avenue, Suite 700
Anchorage, AK 99501
Telephone: (907) 277-9522
Facsimile: (907) 277-4510
Email: rwinner@winnerlaw.com
Attorneys for Defendant/Respondent Raymond C. Givens

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LEROY OENGA, JR.,<br><br>    Plaintiff/Petitioner,<br><br>v.<br><br>RAYMOND C. GIVENS,<br><br>    Defendant/Respondent. | Case No. 3:23-cv-_____ |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. § 1441(b) and (c), Raymond C. Givens hereby removes this action, filed in the Superior Court for the State of Alaska, Second Judicial District at Utqiagvik, Case No. 2BA-23-00111 CI. In support of this notice of removal, Givens avers as follows:

*Leroy Oenga, Jr. v. Raymond C. Givens,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-_____   Page 1 of 7

Case 2:23-cv-00002-HRH   Document 1   Filed 05/25/23   Page 1 of 7

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

## Procedural History

1.  On January 19, 2021, Givens filed in this Court a complaint against Leroy Oenga, Jr., for payment of legal fees. *Raymond C. Givens v. Leroy Oenga, Jr.*, Case No. 3:21-cv-0008-HRH ("Givens' Fee Action").[1]

2.  On April 30, 2021, Oenga filed an answer to Given's complaint in Givens' Fee Action.[2] That answer included the following affirmative defenses: "10. Plaintiff's claims constitute an illegal encumbrance of restricted Native real property," and "17. Plaintiff's claims are barred by Federal law."[3]

3.  On September 30, 2021, the Court stayed Givens' Fee Action, allowing Oenga to seek fee arbitration before the Alaska Bar Association regarding the reasonableness of Givens' fee.[4] In its stay order, the Court wrote: "Once the arbitration proceedings are completed, the court can take up any complex Indian law issues, or any other issues, that remain to be resolved."[5]

---

[1] Givens' Fee Action, Docket No. 1.

[2] Givens' Fee Action, Docket No. 15.

[3] *Id*., at 8.

[4] Givens' Fee Action, Docket No. 55.

[5] *Id*., at 7.

*Leroy Oenga, Jr. v. Raymond C. Givens,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-_____ Page 2 of 7

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

4. On February 10, 2023, the fee arbitration panel appointed by the Alaska Bar Association issued its Decision and Order.[6] There, the panel properly decided only the question of the reasonableness of Givens' fee, under the factors listed at Alaska Bar Rule 35(a). Consistent with the Court's stay order in Givens' Fee Action, the panel expressly did not address complex Indian law issues, or any other issues, that remain to be resolved.[7]

5. On March 17, 2023, this Court continued the stay of the Givens' Fee Action to allow Oenga to seek review by the Alaska Superior Court, pursuant to the Alaska Bar Rules, of the arbitration panel's Decision and Order.[8]

6. On May 11, 2023, Oenga, as plaintiff/petitioner, filed in the Superior Court for the State of Alaska, Second Judicial District at Utqiagvik, Case No. 2BA-23-00111 CI, against Givens, as defendant/respondent, a pleading styled *Complaint for Vacatur of Alaska Bar Association Fee Arbitration Panel's Decision Dated February 10,* 2023, dated May 10, 2023 ("Oenga's Complaint").[9] Undersigned counsel agreed to accept service of process for Givens of Oenga's Complaint, and undersigned counsel

---

[6] Givens' Fee Action, Docket No. 67-1 (Sealed).

[7] *Id.*, at 2.

[8] Givens' Fee Action, Docket No. 77.

[9] *See* Exhibit A hereto (Sealed), at 1-60.

*Leroy Oenga, Jr. v. Raymond C. Givens,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-_____   Page 3 of 7

received an electronic copy of that pleading on May 12, 2023. It is Oenga's Complaint that Givens removes herein.

## Grounds for Removal

7. Oenga's Complaint can be removed to this Court under 28 U.S.C. § 1441(b) and (c) and under 28 U.S.C. § 1446.

8. The Court has original subject-matter jurisdiction over this case because Count One of Oenga's Complaint alleges claims under federal law, giving rise to the Court's federal-question jurisdiction (28 U.S.C. § 1331; 28 U.S.C. § 1441(c)).

9. The Court also has original subject-matter jurisdiction over this case under the Court's diversity jurisdiction (28 U.S.C. § 1332; 28 U.S.C. § 1441(b)). Oenga is a resident of the State of Alaska, while Givens is a resident of Washington State. The amount in controversy in the state-court action exceeds $75,000. (28 U.S.C. § 1446(c)(2)).

10. Count One of Oenga's Complaint seeks to have the state court vacate the fee arbitration panel's Decision and Order based on the following federal Indian law statutes: 43 U.S.C. § 1634(a); 43 U.S.C. § 1639; 43 U.S.C. § 1621(a); 25 U.S.C. § 82; 25 U.S.C. § 354; 25 U.S.C. § 348; 25 U.S.C. 392; and 25 U.S.C. § 410.[10] Those statutes raise complex issues of Indian law. As noted above, their interpretation was reserved for

---

[10] Exhibit A, ¶¶ 178-196, at 43-46.

*Leroy Oenga, Jr. v. Raymond C. Givens,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-_____ Page 4 of 7

Case 2:23-cv-00002-HRH   Document 1   Filed 05/25/23   Page 4 of 7

decision by this Court in its stay order in Givens' Fee Action. Oenga's assertion of claims under those statutes in a separate state-court action constitutes an improper collateral attack on the jurisdiction retained by this Court in Givens' Fee Action. Further, in the context of the state court's limited review of the fee arbitration panel's Decision and Order, under AS 09.43.120 and AS 09.43.500, Oenga improperly seeks to have that court decide federal Indian law issues that were not addressed by the panel, which had properly reserved them for decision by this Court. Givens chose to file his fee action in this Court, and he is entitled to his choice of forum. Oenga cannot seek to have the above federal Indian law issues decided now in state court rather than by this Court.

11. In the interests of judicial efficiency and of rendering of a timely decision in this matter, Givens would prefer that the Court retain jurisdiction over all claims asserted in Oenga's Complaint and removed here, under 43 U.S.C. § 1441(b). However, Givens understands that the Court may wish to act consistent with its stay orders in Givens' Fee Action by severing and retaining jurisdiction over Count One of Oenga's Complaint and remanding the remaining Counts Two through Four to the Alaska Superior Court, under 43 U.S.C. § 1441(c)(2).[11] In either event, the Court should

---

[11] Counts Two through Four of Oenga's Complaint challenge the fee arbitration panel's decision on the reasonableness of Givens' fee and the procedure used by the panel in arriving at that decision. Oenga's Complaint, ¶¶ 197-240, at 46-59.

*Leroy Oenga, Jr. v. Raymond C. Givens,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-_____                                        Page 5 of 7

Case 2:23-cv-00002-HRH   Document 1   Filed 05/25/23   Page 5 of 7

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

consolidate this removed action with Givens' Fee Action, and the Indian law claims at Count One of Oenga's Complaint should be treated as affirmative defenses in Givens' Fee Action.

### The Procedural Requirements for Removal Have Been Satisfied

12. Givens has the power to remove this state-court action. He is the defendant/respondent in that action, and he is not a resident of the State of Alaska.

13. Oenga's Complaint was filed in the Alaska Superior Court, and the action has been removed by Givens to the proper federal court.

14. Oenga's Complaint, dated May 10, 2023, was filed with the Alaska Superior Court on May 11, 2023, and undersigned counsel accepted electronic service of it on May 12, 2023. This notice of removal is timely filed, under 43 U.S.C. § 1446(b)(1).

15. After filing this notice of removal with the Court, Givens will promptly serve written notice of this notice of removal on Oenga's attorney and will promptly file the same with the Clerk of the Alaska Superior Court, in accordance with 28 U.S.C. § 1446(d).

16. True and correct copies of all process, pleadings, motions, and orders served on Givens in the state-court action are attached hereto as Exhibit A (Sealed).

### Non-Waiver of Defenses

17. By removing this state court action, Givens does not waive any defenses available to him.

*Leroy Oenga, Jr. v. Raymond C. Givens,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-_____                                             Page 6 of 7

Case 2:23-cv-00002-HRH   Document 1   Filed 05/25/23   Page 6 of 7

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

18. By removing this state court action, Givens does not admit any of the allegations in Oenga's Complaint.

WHEREFORE, Raymond C. Givens removes the above-captioned action from the Superior Court for the State of Alaska, Second Judicial District at Utqiagvik, to the United States District Court for the District of Alaska.

DATED: May 24, 2023.

        RUSSELL L. WINNER
        WINNER & ASSOCIATES, P.C.
        Attorneys for Respondent Raymond C. Givens

        By: */s/ Russell L. Winner*
            Russell L. Winner
            Alaska Bar No. 7811179

*Leroy Oenga, Jr. v. Raymond C. Givens,*
U.S. District Court for the District of Alaska,
Case No. 3:21-cv-_____   Page 7 of 7

Case 2:23-cv-00002-HRH   Document 1   Filed 05/25/23   Page 7 of 7