Rachel B. Lauesen, ABA No. 0905016
Lauesen Law Team, LLC
521 W. 41st Avenue, Suite 102
Anchorage, Alaska 99503
Telephone: (907) 206-2030
Facsimile: (907) 206-2040
Email: rachel@lauesenlaw.com
Attorneys for Petitioner Leroy Oenga, Jr.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LEROY OENGA, JR. )<br>)<br>   Petitioner )<br>)<br>v. )<br>)<br>RAYMOND C. GIVENS. )<br>)<br>   Respondent. )<br>_____ ) | Case No. 2:23-cv-00002-HRH |

**<u>OPPOSITION TO REMOVAL AND MOTION TO REMAND</u>**

COMES NOW, Leroy Oenga, Jr., through counsel Rachel B. Lauesen of Lauesen Law Team, LLC, and hereby files his Opposition to Removal and Motion to Remand.

**<u>INTRODUCTION</u>**

Raymond Givens filed this duplicative federal action to avoid a stay in Givens I that was entered because he failed to argue any jurisdictional reasons for Mr. Oenga's petition to vacate the Alaska Bar Association Fee Arbitration Panel's decision to be

*Oenga, Jr. v. Givens*, Case No. 2:23-cv-00002-HRH
Opposition to Removal and Motion to Remand
Page 1 of 18

Case 2:23-cv-00002-HRH   Document 14   Filed 06/08/23   Page 1 of 18

heard in federal court despite the express language of Alaska Bar Rule 40(t) that a Petition to Vacate should be filed in the superior court. Because a plaintiff cannot remove a case to federal court and ignoring the underlying litigation in Givens I would result in a failure to meet the "amount in controversy" $75,000 threshold, the Court lacks diversity jurisdiction for removal. Similarly, as Mr. Oenga is a true defendant and raises federal laws in defense of Mr. Givens' claims, the Court does not have federal question jurisdiction. Moreover, Mr. Oenga's petition is an open criticism of the Alaska Bar Association's Fee Arbitration proceeding, which implicates federal law. Therefore, the Petition for Removal should be denied as defective and this case should be remanded back to the Superior Court in Utqiagvik.

## PROCEDURAL POSTURE

On January 19, 2021, Raymond Givens filed suit against Leroy Oenga, Jr. in *Givens v. Oenga, Jr.,* Case No. 3:21-cv-00008-HRH, (*Givens I*) asserting breach of contract claims and claims for declaratory relief and specific performance for past and future rents due relating to attorney contingency fee agreements entered into between Givens and Mr. Oenga's family.[1] Givens invoked the jurisdiction of the Federal Court on diversity grounds under 28 U.S.C. § 1332.[2]

---

[1] Givens I at Doc. 1 (Givens Complaint)
[2] *Id.* at ¶ 3.

*Oenga, Jr. v. Givens*, Case No. 2:23-cv-00002-HRH
Opposition to Removal and Motion to Remand
Page 2 of 18

The Lauesen Law Team, LLC
521 W. 41st Avenue Suite 102
Anchorage, AK 99503
Tel (907) 206-2030
Fax (907) 206-2040
Rachel@Lauesenlaw.com

Alaska Bar Rule 39 requires an attorney that files suit in Alaska for the recovery of fees for professional services to give notice of the client's right to fee arbitration before the Alaska Bar Association with the summons. Mr. Oenga moved this court to dismiss the Complaint so that he could participate in fee arbitration.[3] After substantial litigation, the *Givens I* Court held that a "material portion of the legal services were rendered in Alaska,"[4] and that "Givens was engaged in the practice of law in Alaska while he was representing the Oenga heirs, which means he is subject to the jurisdiction of the Alaska Bar Association and the mandatory fee arbitration rules."[5] A stay of proceedings in Givens I was ordered.[6]

Mr. Oenga did not prevail before the Fee Arbitration Panel. On March 6, 2023, Mr. Oenga filed a Motion to Continue the Stay so that he can file a Petition to Vacate the Fee Arbitration Panel's decision under Alaska Bar Rule 40(t).[7] <u>Mr. Givens failed to oppose Mr. Oenga's Motion to Continue the Stay to vacate in the Superior Court on jurisdictional grounds.</u>[8] Mr. Givens merely opposed Mr. Oenga's Motion to Continue

---

[3] Givens I at Doc. 39.
[4] Givens I at Doc. 42 at p. 7.
[5] Givens I at Doc. 54 at p. 17.
[6] Givens I at Doc. 55.
[7] Givens I at Doc. 70.
[8] Givens I at Doc. 72.

*Oenga, Jr. v. Givens*, Case No. 2:23-cv-00002-HRH
Opposition to Removal and Motion to Remand
Page 3 of 18

The Lauesen Law Team, LLC
521 W. 41st Avenue Suite 102
Anchorage, AK 99503
Tel (907) 206-2030
Fax (907) 206-2040
Rachel@Lauesenlaw.com

the Stay on the merits of a petition that had not yet been filed,[9] and filed a Motion to Lift the Stay of This Action and Confirm the Arbitration Panel's Decision and Order.[10]

The Givens I Court held:

> The Alaska Bar Rules to which the parties to this case are subject make no provision for review of an Arbitration Panel decision by a court other than the Alaska Superior Court.[11]

The Givens I Court continued,

> Inasmuch as the court has determined that the parties are subject to the Alaska fee arbitration rules, defendant is entitled to pursue the superior court review remedy which Alaska Bar Rule 40(t) affords a party."[12]

<u>Mr. Givens did not seek reconsideration of the *Givens I* Order that Mr. Oenga should file his Petition to Vacate on jurisdictional grounds.</u>

In accordance with the language of Alaska Bar Rule 40(t) and the Givens I Order, Mr. Oenga filed the Petition to Vacate in the Superior Court for the State of Alaska, Second Judicial District, in Utqiagvik. After Mr. Oenga gave notice that he filed a Petition to Vacate the Fee Arbitration Panel's decision,[13] the Givens I Court continued the stay "until the Alaska court review proceedings have been exhausted.[14]

---

[9] *Id.*
[10] Givens I at Doc. 73.
[11] Givens I at Doc. 77, p. 2.
[12] *Id.* at p. 3.
[13] Givens I at Doc. 78.
[14] Givens I at Doc. 79.

*Oenga, Jr. v. Givens*, Case No. 2:23-cv-00002-HRH
Opposition to Removal and Motion to Remand
Page 4 of 18

The Lauesen Law Team, LLC
521 W. 41st Avenue Suite 102
Anchorage, AK 99503
Tel (907) 206-2030
Fax (907) 206-2040
Rachel@Lauesenlaw.com

Givens was served with the Summons, Petition to Vacate, the Case Description, Entry of Appearance, Demand for Jury Trial, and Request to Make Case Records Confidential.[15] The case was assigned to the Honorable David Roghair of the Utqiagvik Superior Court. On May 12, 2023, Givens, through his attorney, filed a "Notice of Change of Judge" to peremptorily challenge the assignment of Judge Roghair under Alaska R. Civ. P. 42(c), and filed an Entry of Appearance.[16] Mr. Givens failure to raise jurisdictional grounds in Givens I in relation to the Petition to Vacate and his peremptory challenge of Judge Roghair caused Mr. Oenga to reasonably believe that Givens would defend the petition to vacate in state court on the merits.[17]

Rather than move to lift the stay in Givens I on jurisdictional grounds, Givens filed a Notice of Removal in the Utqiagvik Superior Court and commenced a new action in the United States District Court for the District of Alaska, removing Mr. Oenga's Petition to Vacate the Fee Arbitration Panel's decision to the federal court in

---

[15] Exhibit A, Civil Rule 4(f) Affidavit with Exhibits at p. 4.
[16] Exhibit B (Notice of Change of Judge and Entry of Appearance). These pleadings were not filed with this Court as Exhibit A to Mr. Winner's Affidavit of Counsel with his removal petition. *See*, Doc. 4 and Doc. 4-1.
[17] In *Anchorage Sch. Dist. v. M.G.*, No. 3:17-CV-00157-SLG, 2017 WL 11714013, at *5 (D. Alaska Sept. 13, 2017), Judge Gleason held that filing a peremptory challenge in state court does not amount to a clear and unequivocal intention to adjudicate a claim on the merits in that court because "if a party waives his or her right to removal by filing a peremptory challenge within the requisite five days, it would preclude the party from having the full 30 days to seek removal of the case to federal court."

*Oenga, Jr. v. Givens*, Case No. 2:23-cv-00002-HRH
Opposition to Removal and Motion to Remand
Page 5 of 18

The Lauesen Law Team, LLC
521 W. 41st Avenue Suite 102
Anchorage, AK 99503
Tel (907) 206-2030
Fax (907) 206-2040
Rachel@Lauesenlaw.com

a separate action in this case. Givens filing of a separate action is procedurally improper.

## I. A PLAINTIFF MAY NOT FILE A PETITION FOR REMOVAL ON DIVERSITY.

### A. GIVENS IS THE TRUE PLAINTIFF IN.

A plaintiff has no right to removal under 28 U.S.C. § 1441.[18] In determining who is the "plaintiff" and who is the "defendant," Courts apply the "functional test" as set forth in *Mason City & Fort Dodge R.R. Co. v. Boynton*,[19] to determine the true status of the parties. The functional test provides that the plaintiff:

> is the party whose intent to achieve a particular result, such as the recovery of property or money, is the "mainspring of the proceedings" and who is responsible for the continued existence of the action. The party opposing or resisting the plaintiff's claim is the defendant, who may remove.[20]

*Mason City* involved Iowa condemnation proceedings under an Iowa statute that denominated the owner as the plaintiff and the condemnor as defendant. In deciding removability, the Court realigned the appellations since it found the mainspring of the proceedings was the condemnor's intent to get the land and that the institution and continuance of the proceedings depended upon condemnor's will.[21]

---

[18] *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941).
[19] 204 U.S. 570 (1907).
[20] *Mason City*, 204 U.S. at 579-80.
[21] *Id.*

*Oenga, Jr. v. Givens*, Case No. 2:23-cv-00002-HRH
Opposition to Removal and Motion to Remand
Page 6 of 18

The Lauesen Law Team, LLC
521 W. 41st Avenue Suite 102
Anchorage, AK 99503
Tel (907) 206-2030
Fax (907) 206-2040
Rachel@Lauesenlaw.com

Here, Mr. Oenga is the true plaintiff and Mr. Givens is the true defendant because the mainspring of the proceedings is Givens suit in Oenga I, in which Mr. Givens was the Plaintiff and Mr. Oenga was the defendant. Givens' suit for the "recovery of fees for professional services" associated with his practice of law in the State of Alaska, activated a consensual proceeding that may be initiated by the client pursuant to the Alaska Bar Rules, which govern attorneys practicing law in the State of Alaska. Mr. Givens own affirmative and voluntary act of practicing law in the State of Alaska and his decision to file suit against Mr. Oenga invoked the jurisdiction of the Alaska Bar Association and Alaska Bar Rules.

Givens admits that he is the true plaintiff in his petition for removal, stating "the Court should consolidate the removed action with Givens' Fee Action, and the Indian law claims at Count One of Oenga's Complaint should be treated as affirmative defenses in Givens' Fee Action."[22] Because Givens is the true plaintiff, he has no right to remove under 28 U.S.C. § 1441.

**B. THE PETITION TO VACATE DOES NOT MEET THE MONETARY THRESHOLD REQUIRED FOR REMOVAL WITHOUT CONSIDERATION OF THE UNDERLYING LITIGATION, IN WHICH GIVENS IS THE PLAINTIFF.**

---

[22] Doc. I at p. 6, ¶ 11.

The Lauesen Law Team, LLC
521 W. 41st Avenue Suite 102
Anchorage, AK 99503
Tel (907) 206-2030
Fax (907) 206-2040
Rachel@Lauesenlaw.com

*Oenga, Jr. v. Givens*, Case No. 2:23-cv-00002-HRH
Opposition to Removal and Motion to Remand
Page 7 of 18

Case 2:23-cv-00002-HRH   Document 14   Filed 06/08/23   Page 7 of 18

28 U.S.C. § 1332, the statute governing diversity jurisdiction, requires that "the matter in controversy exceeds the sum or value of $75,000." The Fee Arbitration Panel's decision that Mr. Oenga seeks to vacate did not award Givens any dollar amount and Mr. Oenga's Petition to Vacate does not seek any monetary claim. Thus, to ignore Givens status as plaintiff in *Givens I* and the underlying litigation brought by Givens would result in a finding that the monetary threshold for diversity jurisdiction is not met. However, measuring the amount in controversy for vacating an arbitration decision for purposes of diversity jurisdiction, the "amount at stake in the underlying litigation, not the amount of the arbitration award, is the amount in controversy for purposes of diversity jurisdiction."[23] The amount is controversy requirement is only met through Givens being plaintiff, which does not give him the right to remove.

## II. GIVENS REMOVAL PETITION IS DUPLICATIVE LITIGATION DESIGNED TO SIDESTEP THE STAY IN GIVENS I ENTERED BECAUSE GIVENS FAILED TO BRIEF JURISDICTION IN GIVENS I AND AN ERROR IN ALASKA BAR RULE 40(t).

### A. GIVENS FAILED TO BRIEF DIVERSITY JURISDICTION IN OPPOSITION TO THE STAY IN OENGA I.

---

[23] *Theis Rsch., Inc. v. Brown & Bain,* 400 F.3d 659, 661–62 (9th Cir. 2005).
*Oenga, Jr. v. Givens*, Case No. 2:23-cv-00002-HRH
Opposition to Removal and Motion to Remand
Page 8 of 18

The Lauesen Law Team, LLC
521 W. 41st Avenue Suite 102
Anchorage, AK 99503
Tel (907) 206-2030
Fax (907) 206-2040
Rachel@Lauesenlaw.com

The proper case for Givens to assert subject-matter jurisdiction under diversity over the Petition to Vacate is Givens I. However, Givens failed to brief diversity jurisdiction in Oenga I because he was so hyper-focused on depriving Mr. Oenga of his right to file a Petition to Vacate and his erroneous assertions of exclusive and "reserved" federal subject matter jurisdiction on "complex Indian law issues." Because Givens failed to raise jurisdictional arguments regarding why the express language of Bar Rule 40(t) does not apply to him, the Givens I Court relied on the express language of that statute and ordered a continuance of the stay in Givens I so that Mr. Oenga could file in the superior court.

Givens blames Mr. Oenga for his inadequate briefing, asserting that Mr. Oenga's filing in the Superior Court,

> constitutes a collateral attack on the jurisdiction retained by this Court in Givens' fee action…Oenga improperly seeks to have that Court decide federal Indian law issues that were not addressed by the panel, which had properly reserved them for decision by this Court.[24]

In fact, Mr. Oenga stated in his briefing in *Oenga I* that Alaska Bar Rule 40(t) expressly provides that a motion to vacate should be filed in the "Superior Court," but that if the court in *Givens I* thought that the Motion to Vacate should be filed in *Givens I*, the Court should lift the stay in that proceeding so that that Mr. Oenga could file a

---

[24] Doc. 1 at Exhibit A, p. 5, ¶ 10.

*Oenga, Jr. v. Givens*, Case No. 2:23-cv-00002-HRH
Opposition to Removal and Motion to Remand
Page 9 of 18

Case 2:23-cv-00002-HRH   Document 14   Filed 06/08/23   Page 9 of 18

The Lauesen Law Team, LLC
521 W. 41st Avenue Suite 102
Anchorage, AK 99503
Tel (907) 206-2030
Fax (907) 206-2040
Rachel@Lauesenlaw.com

Motion to Vacate in the *Givens I* court.[25] In response, Mr. Givens <u>still</u> never asserted a jurisdictional argument or cited caselaw for the Petition to Vacate being filed in the federal court. He instead relied on agreement and stated that Mr. Oenga "concedes it would be acceptable to him that his motion to vacate be decided by this Court, rather than by a state superior court,"[26] and cited caselaw to urge the Court to set an earlier deadline for Mr. Oenga's Motion to Vacate than the 90-day deadline under AS 09.43.120(c).[27]

### B. TURNS OUT, THE REFERENCE TO "SUPERIOR" IN ALASKA BAR RULE 40(t) IS AN ERROR.

Alaska Bar Rule 40(t) and Rule 40(u) do not specify what court a party may file pleadings for confirmation of an award and reducing it to judgment or for filing an appeal. Yet, Alaska Bar Rule 40(t) expressly provides that the petition to vacate, modify, or correct and award should be filed in the "superior court." Given the self-regulated nature of the legal profession in the State of Alaska, the specific reference to the "superior court" with regard to a petition to modify, correct, or vacate an award appeared meaningful—a reflection of a compelling interest in the State Court judiciary in overseeing the Alaska Bar Association Fee Arbitration. Upon further research, it

---

[25] Oenga I at Doc 74 at p. 2.
[26] Oenga I at Doc. 76 at p. 2.
[27] Givens I at Doc. 66 at p. 2. (Citing, *Erie Railroad Company v. Tompkins,* 304 U.S. 64 (1938) and *Gorman v. ESA Management, LLC,* 2018 WL 295793, at 2 (N.D. Tex. 2018))).

*Oenga, Jr. v. Givens*, Case No. 2:23-cv-00002-HRH
Opposition to Removal and Motion to Remand
Page 10 of 18

The Lauesen Law Team, LLC
521 W. 41st Avenue Suite 102
Anchorage, AK 99503
Tel (907) 206-2030
Fax (907) 206-2040
Rachel@Lauesenlaw.com

appears that the reference to the "superior court" with regard to modification, vacatur, and correction of an arbitration award is not meaningful whatsoever. It is a clerical error by the Alaska Bar Association.

Mr. Oenga went through all the Supreme Court Orders amending Alaska Bar Rule 40 and saw that SCO 1373, passed on April 15, 2000, deleted all reference to the word "superior" in relation to Alaska Bar Rule 40(t).[28] Yet the Alaska Bar Association, the entity charged with regulating the practice of law in this state, overlooked the deletion of both references to the word "superior" in Alaska Bar Rule 40(t). If Mr. Givens asserts that the proper venue for a Petition to Vacate is in the federal court under diversity jurisdiction, he should have argued it in Givens I or moved to lift the stay in Givens I, and not filed a separate, duplicative federal action to bypass a stay.

### III. THERE IS NOT FEDERAL QUESTION JURISDICTION TO CONFER EXCLUSIVE JURISDICTION OVER THE FEDERAL COURT FOR A PETITION TO VACATE AN ALASKA BAR ASSOCIATION FEE ARBITRATION DECISION.

Givens asserts that this Court has federal question jurisdiction because Mr. Oenga's Petition to Vacate contains "complex Indian law" issues and is therefore a suit arising under the laws of the United States that should not be decided by a State Court.

---

[28] Exhibit C (SCO 1373).

Oenga, Jr. v. Givens, Case No. 2:23-cv-00002-HRH
Opposition to Removal and Motion to Remand
Page 11 of 18

The Lauesen Law Team, LLC
521 W. 41st Avenue Suite 102
Anchorage, AK 99503
Tel (907) 206-2030
Fax (907) 206-2040
Rachel@Lauesenlaw.com

But an action to vacate an Alaska Bar Association fee arbitration does not present a federal question. The proper test under 28 U.S.C. 1331 for finding original federal jurisdiction is that there "be a substantial claim founded directly upon federal law."[29] In deciding whether the matter in controversy involves such a claim, only the complaint should be examined, in accordance with the well-pleaded complaint rule.[30] The mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction.[31] Nor can the fact that a defendant might ultimately prove that a plaintiff's claims are pre-empted under federal law does not establish that they are removable to federal court.[32] Again, here, Mr. Oenga's assertions of federal law are defensively asserted and Givens <u>admits</u> that the federal law issues raised in Mr. Oenga's petition "should be treated as affirmative defenses in Givens' fee action." Removal is not permitted on the basis of a federal defense.[33]

While Mr. Oenga's petition <u>does</u> assert that the Fee Arbitration Panel's decision manifests disregard of federal Indian and ANCSA law as one basis for why the petition should be vacated, the heart of Mr. Oenga's petition to vacate is that the Alaska Bar

---

[29] *Mescalero Apache Tribe v. Martinez,* 519 F.2d 479 (10th Cir.1975). (Citing, Mishkin, The Federal "Question" in the District Courts, 53 Colum.L.Rev. 157, 165, 168 (1953)).
[30] *Id.* (Citing, *Gully v. First National Bank in Meridian,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936), and *Taylor v. Anderson,* 234 U.S. 74, 34 S.Ct. 724, 58 L.Ed. 1218 (1914)).
[31] *Merrell Dow Pharm. Inc. v. Thompson,* 478 U.S. 804, 813 (1986).
[32] *Caterpiller Inc. v. Williams,* 482 U.S. 386, 398 (1987).
[33] *Federal Tax Board of California v. Construction Laborers Vacation Trust for Southern California,* 463 U.S. 1, 14 (1983).

*Oenga, Jr. v. Givens*, Case No. 2:23-cv-00002-HRH
Opposition to Removal and Motion to Remand
Page 12 of 18

The Lauesen Law Team, LLC
521 W. 41st Avenue Suite 102
Anchorage, AK 99503
Tel (907) 206-2030
Fax (907) 206-2040
Rachel@Lauesenlaw.com

Association's Fee Arbitration Panel's decision was the result of a sham proceeding because the law and the ethics rules were intentionally ignored and an informal system of friendships and connections blatantly governed.[34] This is not a federal question. The Alaska Supreme Court has the ultimate power over the practice of law and takes an active role in making certain that clients are treated fairly in attorney-client disputes.[35]

As such, the Alaska State Courts have previously decided cases involving attorney fee agreements where Federal Indian or ANCSA law was implicated. In *Givens I*, Mr. Oenga moved to Continue the Stay so that he could file a Petition to Vacate on the basis that "the decision of the Panel violates the holding in *Leisnoi, Inc. v. Merdes & Merdes, P.C.*."[36] In *Leisnoi*, the Alaska Supreme Court held that an arbitration award by an Alaska Bar Association Fee Arbitration Panel violated 43 U.S.C. § 1621 and was therefore voidable, and that the trial court's should not enter judgment pursuant to an arbitration award that violates federal law.[37]

Mr. Oenga's assertion that the Alaska Bar Association's committees are overly protective of the attorneys and, thus, failing to do their job properly was apparent in a

---

[34] Merriam-Webster defines a "Kangaroo Court" as a "a mock court in which the principles of law and justice are regarded or perverted." https://www.merriam-webster.com/dictionary/kangaroo%20court (accessed June 8, 2023).
[35] *A. Fred Miller, Att'ys at L., P.C. v. Purvis*, 921 P.2d 610, 616 (Alaska 1996).
[36] Givens I, Doc. 70 at p. 2.
[37] *Leisnoi*, 307 P.3d 879, 887-889 (Alaska 2013).

*Oenga, Jr. v. Givens*, Case No. 2:23-cv-00002-HRH
Opposition to Removal and Motion to Remand
Page 13 of 18

The Lauesen Law Team, LLC
521 W. 41st Avenue Suite 102
Anchorage, AK 99503
Tel (907) 206-2030
Fax (907) 206-2040
Rachel@Lauesenlaw.com

Case 2:23-cv-00002-HRH   Document 14   Filed 06/08/23   Page 13 of 18

companion case recently decided involving Ward Merdes and Leisnoi, Inc. In *Disciplinary Matter Involving Merdes,*[38] the Alaska Supreme Court had to step in again after the Alaska Bar Association only suspended Ward Merdes for one year and ordered public reprimand after finding Merdes fraudulently transferred his assets to a new firm to avoid refunding Leisnoi some of the money he had received after the fee agreement was held to be illegal in *Leisnoi.*[39]

At the disciplinary hearing, attorney Merdes, like Givens, called his attorney friends to testify, including Mike Schneider,[40] who vouched for Merdes character and even opined that Merdes did not commit fraud by transferring his cases to a new firm to leave his old firm insolvent and misrepresenting to Lesinoi that he did not have the money to refund the fees. The Alaska Bar Association Disciplinary Committee Board found that Merdes "failed to maintain the standards of personal integrity to which the community relies," but gave a great deal of weight to mitigators.

The *Merdes* Court held the Board's recommended one year sanction was "too lenient"[41] and suspended Merdes for four years, stating that the Bar's explanation that this was a "one-off situation" that was a result of "family pride and hostility toward his former client" did not excuse Merdes misconduct, which "contributes to the

---

[38] 518 P.3d 727 (Alaska 2022).
[39] *Disciplinary Matter Involving Ward Merdes*, 518 P.3d 727 (Alaska 2022).
[40] Mr. Schneider was listed on the witness list for Mr. Givens.
[41] *Merdes,* 518 P.3d at 743.

*Oenga, Jr. v. Givens*, Case No. 2:23-cv-00002-HRH
Opposition to Removal and Motion to Remand
Page 14 of 18

The Lauesen Law Team, LLC
521 W. 41st Avenue Suite 102
Anchorage, AK 99503
Tel (907) 206-2030
Fax (907) 206-2040
Rachel@Lauesenlaw.com

perpetuation of the stereotype of lawyers as unscrupulous and unprincipled."[42] "Our primary concern must be the fulfillment of proper professional standards, whatever the unfortunate cause, emotional or otherwise for the attorney's failure to do so."[43]

In *Law Offices of Vincent Vitale, P.C. v. Tabbytite*,[44] an Indian client opposed confirmation of an Alaska Bar Association fee arbitration award on the basis of 25 U.S.C. § 410, which provides,[45]

> No money accruing from any lease or sale of lands held in trust by the United States for any Indian shall become liable for the payment of any debt of, or claim against, such Indian contracted or arising during such trust period, or, in case of a minor, during his minority, except with the approval and consent of the Secretary of Interior.

The *Tabbytite* Court held that the superior court had jurisdiction to decide the application of 25 U.S.C. § 410 because state and federal courts have concurrent jurisdiction where the statute is silent on the question of jurisdiction.[46] The *Tabbytite* Court held that the proceeds on the condemnation of an Indian allotment can be considered to have accrued from the lease or sale of allotted lands and were protected by 25 U.S.C. § 410.[47]

---

[42] *Id.* at 743.
[43] *Id.*
[44] 942 P.2d 1141 (Alaska 1997).
[45] *Tabbytite*, 942 P.2d at 1145.
[46] *Id.* at 1147 (Citing, *Charles Dowd Box Co. v. Courtney*, 368 U.S. 502-506-08 (1962)).
[47] *Id.* at 1148.

*Oenga, Jr. v. Givens*, Case No. 2:23-cv-00002-HRH
Opposition to Removal and Motion to Remand
Page 15 of 18

The Lauesen Law Team, LLC
521 W. 41st Avenue Suite 102
Anchorage, AK 99503
Tel (907) 206-2030
Fax (907) 206-2040
Rachel@Lauesenlaw.com

It is also important to note that the *Tabbytite* Court interpreted the applicability of 25 U.S.C. § 82, which provides:

> No money shall be paid to any agent or attorney by an officer of the United States under any such contract or agreement, other than the fees due him for services rendered thereunder; but the moneys due the tribe, Indian, or Indians, as the case may be, shall be paid by the United States, through its own officers or agents, to the party or parties entitled thereto; and no money or thing shall be paid to any person for services under such contract or agreement, until such person shall have first filed with the Commissioner of Indian Affairs a sworn statement, showing each particular act of service under the contract, giving date and fact in detail, and the Secretary of the Interior and Commissioner of Indian Affairs shall determine therefrom whether, in their judgment, such contract or agreement has been complied with or fulfilled; if so, the same may be paid, and, if not, it shall be paid in proportion to the services rendered under the contract.[48]

The *Tabbytite* Court held that statute did not apply to Tabbytite because that section only applied to agreements "made by any person with any tribe of Indians, or individual Indians not citizens of the United States," pursuant to 25 U.S.C. § 81.[49] However, *Tabbytite* was decided in 1997 and applied to attorney services from 1976 to 1980. In 2000, 25 U.S.C. § 81 was recodified.

The point is that the Alaska Bar Association Fee Arbitration and the Alaska state court do not lack jurisdiction to consider the Federal Indian Law and Alaska Native Law statutes in deciding whether an attorney-client contract is legal. In fact, under

---

[48] *Id.* at
[49] *Tabbytite*, 942 P.2d at 1146.

Oenga, Jr. v. Givens, Case No. 2:23-cv-00002-HRH
Opposition to Removal and Motion to Remand
Page 16 of 18

The Lauesen Law Team, LLC
521 W. 41st Avenue Suite 102
Anchorage, AK 99503
Tel (907) 206-2030
Fax (907) 206-2040
Rachel@Lauesenlaw.com

*Leisnoi*, they should, so as to avoid violating the law themselves and to maintain integrity and credibility in the process and profession they are entrusted with. Mr. Oenga Petition to Vacate criticizes the process and decision of the Panel, which is not a federal question.

## CONCLUSION

Mr. Givens failed to raise diversity jurisdiction as a basis for the Petition to Vacate to be filed in Federal Court because he made a strategic decision to try and get Mr. Oenga's petition denied on the merits before Mr. Oenga had even had a chance to file it. Without any argument to the contrary by Givens, the Givens I Court relied on the express language of Alaska Bar Rule 40(t) and entered a stay in Givens I so that Mr. Oenga could file a Petition to Vacate in the Alaska Superior Court. Rather than moving to lift the stay, Givens removed the State Court action and commenced a new action on diversity and federal question grounds, but which is defective because Givens is the true plaintiff and the Petition to Vacate does not involve any amount of money and involves the Alaska Bar Association's handling of an attorney fee arbitration. As such, the removal should be denied and the matter should be remanded back to the Superior Court in Utqiagvik.

DATED this 8th day of June, 2023 at Anchorage, Alaska.

*Oenga, Jr. v. Givens*, Case No. 2:23-cv-00002-HRH
Opposition to Removal and Motion to Remand
Page 17 of 18

Case 2:23-cv-00002-HRH   Document 14   Filed 06/08/23   Page 17 of 18

LAUESEN LAW TEAM, LLC
Attorneys for Petitioner Leroy Oenga, Jr.

By:   s/ Rachel B. Lauesen
     Rachel B. Lauesen, ABA No. 0905016

CERTIFICATE OF SERVICE
The undersigned hereby certifies that on
8th day of June, 2023 a true and correct
copy of the foregoing document was served via
CM/ECF to the following recipients:

Russell Winner, Esq.
rwinner@winnerlaw.com

By: s/ Rachel B. Lauesen
     Rachel B. Lauesen

The Lauesen Law Team, LLC
521 W. 41st Avenue Suite 102
Anchorage, AK 99503
Tel (907) 206-2030
Fax (907) 206-2040
Rachel@Lauesenlaw.com

*Oenga, Jr. v. Givens*, Case No. 2:23-cv-00002-HRH
Opposition to Removal and Motion to Remand
Page 18 of 18

Case 2:23-cv-00002-HRH    Document 14    Filed 06/08/23    Page 18 of 18