RUSSELL L. WINNER, ABA 7811149
WINNER & ASSOCIATES, P.C.
900 W. 5th Avenue, Suite 700
Anchorage, AK 99501
Telephone: (907) 277-9522
Facsimile: (907) 277-4510
Email: rwinner@winnerlaw.com
Attorneys for Defendant/Respondent Raymond C. Givens

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LEROY OENGA, JR.,<br><br>　　　Plaintiff/Petitioner,<br><br>　v.<br><br>RAYMOND C. GIVENS,<br><br>　　　Defendant/Respondent. | Case No. 2:23-cv-00002-HRH |

**GIVENS' OPPOSITION TO
OENGA'S MOTION TO REMAND**

*Leroy Oenga, Jr. v. Raymond C. Givens,*
U.S. District Court for the District of Alaska,
Case No. 2:23-cv-00002-HRH　　　　　　　　　　　　　　　　　　　　　　　　　　Page 1 of 14

## I. INTRODUCTION

Defendant/Respondent Raymond C. Givens opposes the motion of Plaintiff/Petitioner Leroy Oenga, Jr., to remand this action.[1] Oenga raises a number of arguments for remand, none of which have merit.

First, Givens can remove this action on diversity grounds. Givens is an out-of-state defendant in a state-court complaint filed by Oenga, an in-state plaintiff. Givens is not the "true plaintiff" in this action. But even if he were, that would not deprive him of the right to remove the action on diversity grounds. Further, the issues raised in the state-court complaint have a value greater than $75,000.

Second, Givens can remove this action on federal-question grounds. Oenga's state-court complaint expressly raises federal questions of Indian law, and they are not asserted defensively. The Court need not have exclusive jurisdiction over those federal questions for the action to be removable on federal-question grounds. Further, those federal questions were expressly reserved by this Court in *Raymond C. Givens v. Leroy Oenga, Jr.*, United Stated District Court for the District of Alaska, Case No. 3:21-cv-00008-HRH ("Givens' Fee Action").

---

[1] Docket No. 14.

*Leroy Oenga, Jr. v. Raymond C. Givens,*
U.S. District Court for the District of Alaska,
Case No. 2:23-cv-00002-HRH                    Page 2 of 14

Case 2:23-cv-00002-HRH   Document 23   Filed 06/22/23   Page 2 of 14

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Third, Oenga concedes that this Court has authority under Alaska Bar Rule 40(t) to decide his petition to vacate the fee arbitration panel's Decision and Order, and Oenga has expressed his willingness that the Court do so.

Finally, Givens removed this action because Oenga's state-court complaint is a collateral attack on this Court's retained jurisdiction over the federal Indian law issues. As Givens stated in his notice of removal, he would prefer that the Court retain jurisdiction over the entire removed action. At the least, the Court should retain jurisdiction over the Indian law issues and remand the remainder of this action to state court.

The above arguments are discussed at greater length below.

## II. BACKGROUND

The procedural history of this action is stated in Givens' notice of removal,[2] and that history need not be repeated here.

## III. ARGUMENT

Oenga makes several arguments in support of his motion to remand. For the following reasons, none of those arguments have merit.

---

[2] Docket No. 1, at 2-4.

*Leroy Oenga, Jr. v. Raymond C. Givens,*
U.S. District Court for the District of Alaska,
Case No. 2:23-cv-00002-HRH                                                              Page 3 of 14

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

### A. Givens Can Remove This Action on Diversity Grounds

Oenga argues that Givens cannot remove this action on diversity grounds because he is the "true plaintiff" here, and only a defendant can remove an action, under 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441.[3] In support of that argument, Oenga cites Justice Holmes' decision in *Mason City & Fort Dodge RR. C. v. Boynton*, 204 U.S. 570 (1907). There, a railroad sought to condemn certain real property, and the condemnee was denominated the "plaintiff" under the unique provisions of Iowa condemnation law. Notwithstanding this, the Supreme Court allowed the condemnee to remove the action to federal court, treating him as the "defendant" for removal purposes. From this, Oenga argues that Givens should be treated as the "true plaintiff" for removal purposes because, in the words of Justice Holmes, the "mainspring of the proceedings" here is Givens' claim as plaintiff for his fee in Givens' Fee Action. Oenga's argument fails for the following reasons.

Oenga was the petitioner and Givens was the respondent in the fee arbitration before the Alaska Bar Association. Likewise, Oenga is the Plaintiff/Petitioner and Givens is the Defendant/Respondent in Oenga's action challenging the arbitration decision. Accordingly, the Court should not realign the parties to make Givens the "true plaintiff" herein.

---

[3] Docket No. 14, at 6-7.

*Leroy Oenga, Jr. v. Raymond C. Givens,*
U.S. District Court for the District of Alaska,
Case No. 2:23-cv-00002-HRH           Page 4 of 14

In any event, Oenga's argument misreads *Mason City*. In *Arristia v. Western Progressive*, 2012 WL 3598271 (D. Nevada 2012), the court stated that *Mason City* should be read as narrowly applying to the unique denomination of the parties under Iowa law: "The most that can be drawn from [*Mason City*] is that, in Iowa condemnation proceedings, the words plaintiff and defendant can be used only in an uncommon and liberal sense." *Id.* at 1 (internal quotation marks and citation omitted).

Further, even if Givens should be denominated a "true plaintiff" here, *Mason City* cannot be read as foreclosing his right to removal. This can be seen from the explanation of *Mason City* given by the Second Circuit Court of Appeals in *Oppenheimer & Co., Inc. v. Neidhardt*, 56 F.3d 352 (1995). In that case, Oppenheimer, a securities broker and dealer, was served by investor claimants with an arbitration claim. Oppenheimer instituted an action in state court against the claimants, seeking to stay the arbitration. The claimants removed the action to federal court. Oppenheimer then filed a motion with the federal court seeking to remand the action to state court. In that motion, Oppenheimer argued that because the claimants instituted a demand for arbitration, they should be considered, under *Mason City*, to be the true plaintiffs in the state action and thus were ineligible to remove the action under 28 U.S.C. § 1441(a).

The Second Circuit rejected Oppenheimer's argument, characterizing it as "based on a misreading" of *Mason City*. *Id.*, at 355. The Second Circuit wrote:

*Leroy Oenga, Jr. v. Raymond C. Givens,*
U.S. District Court for the District of Alaska,
Case No. 2:23-cv-00002-HRH Page 5 of 14

Case 2:23-cv-00002-HRH Document 23 Filed 06/22/23 Page 5 of 14

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

> The flaw in the reasoning of Oppenheimer . . . is the inference that, because the landowner was authorized, as a constructive defendant, to remove, the railroad would not also have been authorized to remove. This inference was expressly dispelled in the Supreme Court opinion. . . . Justice Holmes wrote, "It is not necessary, in order to decide that the present removal [by the landowner] was right, to say that the state decision [confirming the railroad's right to remove in identical circumstances] was wrong. 204 U.S. at 579, 27 S.Ct. at 323. In other words, *Mason City* establishes that, in some circumstances, the party identified as defendant, by reference either to state law definitions or to which party initiated the court proceeding, may not be the *only* one entitled to remove. In the unusual circumstance posed by that case, either side might be considered defendant and thus entitled to remove.

*Id.* at 356-57 (internal brackets and emphasis in original).

Here, Oenga offers the same misreading of *Mason City* that was rejected in *Oppenheimer*. Even if Givens is treated as the "true plaintiff" herein because he initiated Givens' Fee Action, he is not foreclosed from the right to removal here.

Oenga then argues that Givens cannot remove this action based on diversity because the jurisdictional threshold of $75,000, under 28 U.S.C. § 1332, has not been met without consideration of Givens' Fee Action, in which he is the plaintiff.[4] That argument fails for the following reasons.

First, in the arbitration Oenga challenged Givens' right to receive any fee from past and future annual rents from the allotment, the total of which exceeds $75,000. That

---

[4] Docket No. 14, at 7-8.

*Leroy Oenga, Jr. v. Raymond C. Givens,*
U.S. District Court for the District of Alaska,
Case No. 2:23-cv-00002-HRH                                                                 Page 6 of 14

is plain from the arbitrator's Decision and Order, and there is no need to refer back to Givens' Fee Action to see that.

Second, under *Oppenheimer* Givens can remove this action even though he might be denominated the "true plaintiff" herein. Accordingly, looking to Givens' Fee Action as the basis for the jurisdictional threshold of $75,000 is no bar to Givens' right to remove this action.

### B. Givens Can Remove This Action on Federal-Question Grounds

Oenga argues that Givens cannot remove this action on federal-question grounds, under 28 U.S.C. § 1331 and 28 U.S.C. § 1441(c).[5] For the following reasons, that argument is without merit.

Count One of Oenga's Complaint expressly alleges claims under several federal Indian law statutes,[6] which gives rise to this Court's federal question jurisdiction. Further, these are precisely the "complex Indian law issues" over which the Court retained jurisdiction in its stay order in Givens' Fee Action.[7]

Oenga is mistaken in his argument that removal based on the presence of a federal question is permitted only if this Court has exclusive jurisdiction over that

---

[5] *Id.*, at 11-17.

[6] *See* Docket No. 1, ¶ 10, at 4-5.

[7] Givens' Fee Action, Docket No. 55, at 7.

*Leroy Oenga, Jr. v. Raymond C. Givens,*
U.S. District Court for the District of Alaska,
Case No. 2:23-cv-00002-HRH                                                                 Page 7 of 14

question.[8] Instead, removal is permitted even if the state court has concurrent jurisdiction over the federal question. In *Hansen v. Group Health Cooperative*, 902 F.3d 1051 (2018), the Ninth Circuit Court of Appeals wrote:

> A plaintiff is the master of the plaintiff's complaint, and has the choice of pleading claims for relief under state or federal law (or both). *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–99, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). If these claims do not involve federal law or diverse parties, the action can be brought only in state court. *See id.* On the other hand, if these claims give rise to concurrent jurisdiction, the plaintiff may choose to file in either state or federal court. But if the plaintiff elects state court, the defendant then has the option of removing the case from state court to federal court under the general removal statute, 28 U.S.C. § 1441.

*Id.*, at 1056.

Oenga states that the principal argument of his complaint to vacate is that the fee arbitration was a "sham proceeding" and a "Kangaroo Court," and that the federal law cited in his complaint is asserted only defensively.[9] From this, Oenga argues that removal is not permitted on the basis of a federal defense.[10] However, the presence of a federal question for removal purposes is based on the allegations appearing on the face

---

[8] Docket No. 14, at 11-12.

[9] *Id.*, at 12-13.

[10] *Id.*

*Leroy Oenga, Jr. v. Raymond C. Givens,*
U.S. District Court for the District of Alaska,
Case No. 2:23-cv-00002-HRH

Page 8 of 14

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

of the complaint. In *Hanson v. Group Health Cooperative*, *supra*, the Ninth Circuit wrote:

> Removal based on federal-question jurisdiction is reviewed under the longstanding well-pleaded complaint rule. *See Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908). This rule provides that an action "aris[es] under" federal law "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar [Inc. v. Williams*], 482 U.S. [386,] at 392, 107 S.Ct. 2425.

*Id.*, at 1057.

Here, Oenga admits that his complaint to vacate "does assert that the Fee Arbitration Panel's decision manifests disregard of federal Indian and ANCSA law."[11] Oenga's complaint expressly presents federal law as an affirmative, rather than as a defensive, basis for vacating the arbitration decision. Accordingly, the Court has federal-question jurisdiction here, under 28 U.S.C. § 1331.

Oenga's motion to remand devotes several pages to argument based on *Lesnoi, Inc. v. Merdes & Merdes, P.C.*, 307 P.3d 879 (Alaska 2013), and *Law Offices of Vincent Vitale, P.C., v. Tabbytite*, 942 P.2d 1141 (Alaska 1997).[12] Givens disagrees with Oenga's arguments regarding those decisions. Although this is not the proper time for

---

[11] Docket No. 14, at 12. As noted above, the arbitration panel did not disregard federal Indian and ANCSA law. Instead, the panel understood that those issues would be taken up by this Court after the panel had decided the reasonableness of Givens' fee.

[12] *Id.*, at 13-17.

U.S. District Court for the District of Alaska,
Case No. 2:23-cv-00002-HRH                                                                 Page 9 of 14

Case 2:23-cv-00002-HRH   Document 23   Filed 06/22/23   Page 9 of 14

full briefing and a decision on those arguments, Givens provides his brief response below.

*Lesnoi* is inapplicable because the Oenga allotment certificate was granted under the Alaska Native Allotment Act of 1906, 34 Stat. 197. It was not a conveyance of land under the Alaska Native Claims Settlement Act, 43 U.S.C. §§ 1601, et seq. Accordingly, 43 U.S.C. § 1621(a) is no bar to Givens' contingent fee contract with the Oenga heirs.[13]

*Tabbytite* is distinguishable for two reasons. First, in that case attorney Vitale represented Ms. Tabbytite in underlying litigation against the Municipality of Anchorage, not against the United States. Here, in contrast, Givens represented the Oenga heirs in litigation against the United States. Under *Arenas v. Preston*, 181 F.2d 62 (9th Cir. 1950), Givens was not required by 25 U.S.C. §410 to ask the government for its permission before he sued it on behalf of the Oenga heirs.

Second, Vitale's fee contract with Tabbytite did not include a promise by her to instruct the Office of Special Trustee ("OST") to pay him from her Individual Indian Money ("IIM") account. Here, in contrast, the Oenga heirs, including Oenga's father, expressly promised that they would instruct OST to pay Givens his fee from the increased rents that he secured, once those rents were deposited in their IIM accounts.

---

[13] *See* Givens' arguments in opposition to Oenga's motion to continue the stay in Givens' Fee Action. Docket No. 72, at 2-4.

*Leroy Oenga, Jr. v. Raymond C. Givens,*
U.S. District Court for the District of Alaska,
Case No. 2:23-cv-00002-HRH                                                               Page 10 of 14

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

### C. Oenga Concedes that the Court Has Authority under Alaska Bar Rule 40(t) to Decide His Petition to Vacate the Fee Arbitration Decision, and Oenga Has Expressed His Willingness that the Court Do So

Oenga argues that Givens failed to brief diversity jurisdiction in opposition to Oenga's stay motion.[14] However, there was no need for Givens to assert diversity jurisdiction in that context. Givens did plead diversity jurisdiction where it was required, in his complaint in Givens' Fee Action.[15]

Oenga faults Givens for not realizing that the Alaska Bar Association erred by retaining the word "superior" in Bar Rule 40(t) when referring to the proper court to hear a petition to vacate, modify, or correct an arbitration award.[16] In making that argument, Oenga concedes that this Court, and not just the state superior court, has authority under Bar Rule 40(t) to decide his petition to vacate the arbitration panel's Decision and Order.[17] Further, Oenga's motion to remand again expresses his willingness to have this

---

[14] *Id.*, at 8-9.

[15] Givens' Fee Action, Docket No. 1, at 2.

[16] Docket No. 14, at 10-11.

[17] *C.f.* this Court's order granting a further stay of proceedings in Givens' Fee Action because Alaska Bar Rule 40(t) appeared (mistakenly, as it turns out) to give authority only to a state superior court to review a fee arbitration decision. Docket No. 77, at 2.

*Leroy Oenga, Jr. v. Raymond C. Givens,*
U.S. District Court for the District of Alaska,
Case No. 2:23-cv-00002-HRH                                                            Page 11 of 14

Court, rather than the state superior court, decide his petition to vacate the arbitration panel's decision.[18]

Oenga's above arguments do not support remand. Instead, they support Givens' argument that the Court should deny Oenga's motion to remand, consolidate this removed action with Givens' Fee Action, and decide Oenga's petition to vacate the arbitration panel's Decision and Order.

### D. The Court Should Deny Remand or, at the Least, Retain Jurisdiction over the Federal Indian Law Issues Raised in Oenga's Complaint

Oenga is correct that, as a general proposition, the Alaska Bar Association and the Alaska courts have jurisdiction to consider federal Indian law and statutes in deciding whether an attorney-client contract is legal.[19] However, here the fee arbitration panel properly declined to do so because the panel knew that this Court had retained jurisdiction over those matters in its stay order in Givens' Fee Action. Instead, the panel complied with the limited authority delegated to it by Alaska Bar Counsel, which delegation in turn complied with this Court's stay order. The panel properly considered only the reasonableness of Givens' fee, knowing that this Court would take up the complex Indian law issues that remained.

---

[18] Docket No. 14, at 9-10; Docket No. 74, at 2.

[19] Docket No. 16.

*Leroy Oenga, Jr. v. Raymond C. Givens,*
U.S. District Court for the District of Alaska,
Case No. 2:23-cv-00002-HRH                                                                 Page 12 of 14

Case 2:23-cv-00002-HRH   Document 23   Filed 06/22/23   Page 12 of 14

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Oenga's complaint to vacate the arbitration panel's Decision and Order was an improper collateral attack on this Court's retained jurisdiction in Givens' Fee Action. That is clear from Count One of Oenga's complaint, which asserts causes of action in contravention of this Court's stay order retaining jurisdiction over complex Indian law issues. It is clear as well from the fact that Oenga is seeking a jury trial as part of a new action in the state court.[20] Givens filed his notice of removal to allow this Court to protect its jurisdiction from Oenga's effort to circumvent it with his state-court filing.

Count One of Oenga's complaint expressly exceeds the jurisdiction and authority allowed to the state arbitration process by this Court's stay order in Givens' Fee Action. Causes of Action Two, Three and Four would be proper *but for* Oenga's demand for a jury trial. By seeking a jury trial, Oenga has taken those causes of action outside the scope of the authority and jurisdiction of this Court's stay order. Indeed, Oenga has taken those causes of action outside the jurisdiction that any court would have in reviewing a fee arbitration decision.[21]

As stated in his notice of removal,[22] Givens would prefer that the Court retain jurisdiction over all claims asserted in this removed action, under 43 U.S.C. § 1441(b).

---

[20] Docket No. 4, at 64 (Sealed).

[21] *See* Bar Rule 40(t); AS 09.43.120 - .140; AS 09.43.500 - .520.

[22] Docket No. 1, at 5-6.

*Leroy Oenga, Jr. v. Raymond C. Givens,*
U.S. District Court for the District of Alaska,
Case No. 2:23-cv-00002-HRH                                                                                   Page 13 of 14

Case 2:23-cv-00002-HRH   Document 23   Filed 06/22/23   Page 13 of 14

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

However, at the least the Court should sever and retain jurisdiction over Count One of Oenga's complaint and remand the remaining Causes of Action Two through Four, under 43 U.S.C. § 1441(c)(2). In either event, the Court should consolidate this removed action with Givens' Fee Action.

## IV. CONCLUSION

For the reasons stated above, the Court should deny Oenga's motion to remand this action. A proposed order accompanies this opposition.

DATED: June 22, 2023.

>RUSSELL L. WINNER
>WINNER & ASSOCIATES, P.C.
>Attorneys for Respondent Raymond C. Givens
>
>By: */s/ Russell L. Winner*
>    Russell L. Winner
>    Alaska Bar No. 7811179

### Certificate of Service

I hereby certify that a copy of the foregoing document was served electronically on the attorneys of record through the Court's CM/ECF System.

>*/s/ Russell L. Winner*
>Russell L. Winner

*Leroy Oenga, Jr. v. Raymond C. Givens,*
U.S. District Court for the District of Alaska,
Case No. 2:23-cv-00002-HRH                                                Page 14 of 14

Case 2:23-cv-00002-HRH   Document 23   Filed 06/22/23   Page 14 of 14