Rachel B. Lauesen, ABA No. 0905016
Lauesen Law Team, LLC
521 W. 41st Avenue, Suite 102
Anchorage, Alaska 99503
Telephone: (907) 206-2030
Facsimile: (907) 206-2040
Email: rachel@lauesenlaw.com
Attorneys for Petitioner Leroy Oenga, Jr.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LEROY OENGA, JR.<br><br>    Petitioner<br><br>v.<br><br>RAYMOND C. GIVENS.<br><br>    Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 2:23-cv-00002-HRH

**REPLY TO OPPOSITION TO REMOVAL AND MOTION TO REMAND**

COMES NOW, Leroy Oenga, Jr., through counsel Rachel B. Lauesen of Lauesen Law Team, LLC, and hereby files his Reply to the Opposition to Removal and Motion to Remand filed by Raymond Givens.

Mr. Oenga moved to remand this case back to the State Court because Mr. Givens' removal petition is fatally flawed for the reasons stated in Mr. Oenga's motion for remand.[1] Mr. Givens is a "true plaintiff" that removed an action filed in state court

---

[1] Doc. 14.

The Lauesen Law Team, LLC
521 W. 41st Avenue Suite 102
Anchorage, AK 99503
Tel (907) 206-2030
Fax (907) 206-2040
Rachel@Lauesenlaw.com

Oenga, Jr. v. Givens, Case No. 2:23-cv-00002-HRH
Reply to Opposition to Removal and Motion to Remand
Page 1 of 6

Case 2:23-cv-00002-HRH   Document 24   Filed 06/29/23   Page 1 of 6

on diversity grounds, which is prohibited. Mr. Givens also asserts that defensively asserted federal Indian law statutes are a legitimate basis for removal, which is also untrue.

Mr. Givens cites *Oppenheimer & Co., Inc. v. Neidhardt* and argues that a Plaintiff may remove under diversity under "unusual circumstances." Yet Givens fails to articulate why the instant case qualifies as unusual circumstances to warrant removal through opening up an entirely new, second federal case. There was diversity jurisdiction present in Givens I. Mr. Givens failed to raise diversity jurisdiction when Mr. Oenga asked, essentially, where do I file a petition to vacate.

Mr. Oenga does not believe that a failure of a party to raise jurisdiction in a first proceeding qualifies as an "unusual circumstance" to warrant Mr. Givens getting an opportunity to forum shop upon his dissatisfaction that Mr. Oenga filed the petition to vacate in the Utqiagvik Superior Court, rather than the Anchorage Superior Court.

Raymond Givens and Russ Winner are two brilliant and very experienced attorneys. They could have argued that when a court has diversity jurisdiction, the existence of a fee arbitration rule cannot deprive the Court of that jurisdiction.[2] All Givens had to do was argue that Mr. Oenga's Petition to Vacate should be heard in Givens I, not State Court, on the basis of diversity jurisdiction, regardless of what Alaska Bar Rule 40(t) says. But they failed to raise the law, and instead urged the

---

[2] *Kelley Drye & Murray Industries, Inc.*, 623 F.Supp. 522, 525-526 (D.N.J. 1985).

The Lauesen Law Team, LLC
521 W. 41st Avenue Suite 102
Anchorage, AK 99503
Tel (907) 206-2030
Fax (907) 206-2040
Rachel@Lauesenlaw.com

*Oenga, Jr. v. Givens*, Case No. 2:23-cv-00002-HRH
Reply to Opposition to Removal and Motion to Remand
Page 2 of 6

Court to find that Mr. Oenga should not be permitted to file a Petition to Vacate[3] and moved for confirmation of the Panel's decision.[4]

Similarly, Mr. Givens failed to assert in Givens I that federal question jurisdiction was a basis for Mr. Oenga to file his petition in Givens I, rather than state court. Mr. Givens knew Mr. Oenga <u>defensively</u> asserted federal Indian law principles in response to Givens' complaint because Mr. Oenga has repeatedly asserted these principles of law in Givens I and before the Fee Arbitration Panel. Mr. Oenga has thus far been denied the ability to be heard because Mr. Givens continues to wrongfully assert that the Givens I Court ordered that any proceeding beside the federal court has to be willfully blind of anything touching upon federal Indian law in making a decision regarding Givens claim.[5] And the Fee Arbitration Panel just accepted this assertion and deprived Mr. Oenga the ability to assert some of his defenses and, in the process, a fair proceeding.

As such, Mr. Oenga's Petition to Vacate the Fee Arbitration Panel's decision is an attack on the credibility of the Fee Arbitration Panel's decision due to its willful ignorance of the law and the ethics rules. This does not raise a federal question.

---

[3] Givens I Doc. 72.
[4] Givens I at Doc. 73.
[5] The single sentence that Givens repeatedly relied upon was at Docket 55 in Givens I, in which the Court <u>denied</u> Givens request to "retain jurisdiction to adjudicate the legal issues regarding plaintiff's claims for declaratory judgment and for orders of specific performance." and stated, "Once the arbitration proceedings are completed, the court can take up any complex Indian law issues, or other issues, that remain to be resolved." *See*, Docket 55 at p. 6 (Citing Docket 51 at pp. 12-13).

Oenga, Jr. v. Givens, Case No. 2:23-cv-00002-HRH
Reply to Opposition to Removal and Motion to Remand
Page 3 of 6

The Lauesen Law Team, LLC
521 W. 41st Avenue Suite 102
Anchorage, AK 99503
Tel (907) 206-2030
Fax (907) 206-2040
Rachel@Lauesenlaw.com

Mr. Oenga agrees that the Federal Court has diversity jurisdiction for Mr. Oenga to file his Petition for Vacatur in Givens I, but does not agree that the case may be removed to an entirely separate lawsuit on diversity in this context. Mr. Oenga is also strongly opposed to being placed in the position of litigating three open cases against Givens, which is what Givens removal petition and his Opposition suggests. This will inevitably result in increased expenses and the risk of inconsistent holdings. Mr. Oenga is also concerned that bifurcation of the issues in his petition to preclude the State Court from deciding his defensive assertions of federal Indian law and, accordingly, his defenses.

If Alaska Bar Rule 40(t) had not contained an error which led Mr. Oenga to believe that the Alaska State Court had a compelling interest in overseeing the Alaska Bar Association's Panel's decisions, Mr. Oenga would not have requested to continue the stay in Givens I so that he could file his Petition to Vacate in state court. Mr. Oenga simply wanted to file a Petition to Vacate and did not know where to file it in light of Bar Rule 40(t)'s reference to "superior" court. The error in Bar Rule 40(t) or the failure to discover that error is not Mr. Givens fault.

It is, however, Mr. Givens responsibility to assert and brief diversity jurisdiction in response to Mr. Oenga's Motion to Continue the Stay and to address the question of where a Petition should be filed. Additionally, when Givens was dissatisfied with Mr. Oenga's selection of the Utqiagvik Superior Court, Givens should have tried to move

The Lauesen Law Team, LLC
521 W. 41st Avenue Suite 102
Anchorage, AK 99503
Tel (907) 206-2030
Fax (907) 206-2040
Rachel@Lauesenlaw.com

*Oenga, Jr. v. Givens*, Case No. 2:23-cv-00002-HRH
Reply to Opposition to Removal and Motion to Remand
Page 4 of 6

Case 2:23-cv-00002-HRH   Document 24   Filed 06/29/23   Page 4 of 6

to lift the stay in Givens I so that Mr. Oenga could file the Petition to Vacate in that proceeding rather than filing a completely new and defective removal action.

Givens suggests consolidation of this case with Givens I, but Mr. Oenga does not think that the Court can consolidate an improperly removed action. Furthermore, Givens has not filed a Motion for Consolidation under Fed. R. Civ. P. 42.

The Court should order that the matter be remanded to the State Court, with clarification that the State Court has authority to decide all of the issues raised in Mr. Oenga's vacatur petition.

However, Mr. Oenga believes in fairness and there are unusual circumstances present in the Alaska Bar Association's erroneous Alaska Bar Rule 40(t). Therefore, if this Court wants to allow Mr. Givens a second chance to argue that the Petition to Vacate be heard in the federal court under diversity of jurisdiction grounds, Mr. Givens should be allowed an opportunity move to lift the stay in Givens I for the purpose of Mr. Oenga filing his Petition to Vacate in Givens I. If Mr. Givens decides to move to lift the stay in Givens I for the Petition to Vacate to be filed in Federal Court in Givens I, then this Court should order that Mr. Givens and Mr. Oenga should file a stipulation to dismiss in the State Court action, with each party to bear their own attorney's fees and costs. Mr. Oenga should not have to pay attorney's fees and costs under Alaska R. Civ. P. Rules 79 & 82 for Mr. Givens being permitted a second chance to make jurisdictional arguments he should have made in Givens I.

*Oenga, Jr. v. Givens*, Case No. 2:23-cv-00002-HRH
Reply to Opposition to Removal and Motion to Remand
Page 5 of 6

The Lauesen Law Team, LLC
521 W. 41st Avenue Suite 102
Anchorage, AK 99503
Tel (907) 206-2030
Fax (907) 206-2040
Rachel@Lauesenlaw.com

DATED this 29th day of June, 2023 at Anchorage, Alaska.

LAUESEN LAW TEAM, LLC
Attorneys for Petitioner Leroy Oenga, Jr.

By: s/ Rachel B. Lauesen
Rachel B. Lauesen, ABA No. 0905016

CERTIFICATE OF SERVICE
The undersigned hereby certifies that on 29th day of June, 2023 a true and correct copy of the foregoing document was served via CM/ECF to the following recipients:

Russell Winner, Esq.
rwinner@winnerlaw.com

By: s/ Rachel B. Lauesen
Rachel B. Lauesen

*Oenga, Jr. v. Givens*, Case No. 2:23-cv-00002-HRH
Reply to Opposition to Removal and Motion to Remand
Page 6 of 6