IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LEROY OENGA, JR., | |
| Plaintiff, | |
| vs. | |
| RAYMOND C. GIVENS, | No. 2:23-cv-0002-HRH |
| Defendant. | |

O R D E R

Case Status

The court is in receipt of defendant/respondent Givens' request for a status conference.¹

Briefing on Leroy Oenga, Jr.'s, motion to remand² this case to the superior court at Utqiagvik has been fully briefed and is ready for disposition. Prior to receipt of Givens' request for a status conference, the court, like Givens, had focused upon Leroy Oenga's reply memorandum,³ which the court understood to embody a possible resolution of the motion to remand while, at the same time, accommodating what appears to be the prefer-

---

¹Docket No. 25.

²Docket No. 14

³Docket No. 24.

ence of both parties for a resolution of Givens' fee action (<u>Givens v. Leroy Oenga, Jr.</u>, No. 3:21-cv-0008-HRH) (the "-0008 case"), as well as Leroy Oenga, Jr.'s, complaint for vacatur of the Alaska Bar Association's fee arbitration decision (sealed) (No. 2:23-cv-0002-HRH), in a single case before this court. The following is the court's proposal to the parties for resolution of the motion to remand.

This case (the -0002 case) was commenced in the Superior Court at Utqiagvik based upon the mistaken belief that Rule 40(t), Rules of the Alaska Bar Association, required that proceedings for the review of fee arbitration panel decisions be sought in superior court. It now appears, as a result of Leroy Oenga's reply memorandum, that he would have preferred to file his vacatur proceeding in this court. By his removal of this case from the Superior Court at Utqiagvik, Givens has unequivocally indicated his preference for the fee arbitration panel vacatur proceeding to be in this court.

In consideration of the foregoing, the court proposes to the parties that Leroy Oenga's motion for remand be withdrawn, such that this case will remain pending in this court.

As is apparent to both the parties and the court, the Givens fee case (the -0008 case) and the Oenga review case (the -0002 case) are heavily interrelated. As of now, both cases are before a single judge; and, if the motion to remand is withdrawn, the court is prepared to:

 (1) lift the stay of proceedings[4] in the Givens fee case for the purpose of entry of an order consolidating the -0002 and -0008 cases, such that they will be jointly managed;

---

[4]<u>Docket No. 79 in the -0008 case; see also</u> Docket Nos. 77 and 75.

Order – Case Status   - 2 -

(2) vacate the scheduling and planning order entered in the Givens fee action.[5] (The court's order requiring a scheduling and planning conference report[6] from the parties in the vacatur case has already been vacated[7] pending a decision concerning what issue will be taken up in which sequence); and

(3) upon consolidation of the two cases, the court will order that the parties confer and propose to the court a revised scheduling and planning order for the resolution of Leroy Oenga's vacatur case and the Givens fee action.

Counsel will please confer and respond to the foregoing proposal on or before **August 15, 2023**.

Givens' request for a status conference is granted. The conference will be scheduled on a date and at a time which the parties may propose by **August 15, 2023**.

DATED at Anchorage, Alaska, this   18th   day of July, 2023.

/s/ H. Russel Holland
United States District Judge

---

[5]Docket No. 22 in the -0008 case.

[6]Docket No. 7 in the -0002 case.

[7]Docket No. 22 in the -0002 case.